**E. J. Simmons**, OSB 75341
ejs@SimmonsTrialPractice.com
621 SW Morrison, Ste. 1300
Portland OR 97205
(503) 221-2000
Facsimile (971) 223-4733

**Bradley Ganz**
mail@ganzlaw.com
Ganz Law PC
PO Box 2200
163 SE 2nd Avenue
Hillsboro, OR 97124
(503) 844-9009

Attorneys for Plaintiffs
Passages Silver Strand LLC and
Grasshopper House LLC

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **Grasshopper House LLC**, a California limited liability company doing business as Passages Malibu, **Passages Silver Strand LLC**, a California limited liability company, | Civil Case No.: |
| Plaintiffs, | **COMPLAINT** |
| vs. | Trademark Infringement (15 US Code §1125) |
| **G & G Holistic Addiction Treatment, Inc.**, a Florida corporation, **Gerald S. Goldfarb**, an individual, and **John Giordano**, an individual, | |
| Defendants. | DEMAND FOR JURY TRIAL |

Page 1 – COMPLAINT

**Parties and Jurisdiction**

1.

Plaintiffs are California limited liability companies. Defendant G & G Holistic Addiction

Treatment, Inc., is a Florida corporation. Defendants Gerald S. Goldfarb and John

Giordano are individuals, and upon knowledge and belief are citizens of Florida. This

Court has federal-question subject matter jurisdiction over this case pursuant to 28

U.S.C. §§ 1331 and 1338 because this is an action for, among other things, trademark

infringement and unfair competition under the Lanham Act, 15 U.S.C. sections 1051 et

seq. The Court has supplemental jurisdiction over the remaining claims pursuant to 28

U.S.C. § 1367.

**Facts**

2.

Plaintiff Grasshopper House LLC operates a leading alcohol and drug addiction

treatment facility, with a national clientele. For many years, plaintiff Grasshopper

House LLC has been doing business as Passages and Passages Malibu, and has used

Passages and Passages Malibu as its trademarks. Its marks are registered under

California State Registration numbers 65498 and 65499. It uses the domain name

passagesmalibu.com and maintains a website at http://passagesmalibu.com. Plaintiff

Passages Silver Strand LLC is affiliated with plaintiff Grasshopper House LLC, uses the

trademark Passages under a license agreement, and has its Passages Silver Strand mark

registered under California State Registration numbers 65510.

Page 2 – COMPLAINT

3.

Defendants use various domain names in advertising their alcohol and drug addiction facilities, including drugrehabcenter.com.

## Overview of Google AdWords Program

4.

Google is a well-known search engine which has emerged as the nationwide leader in search queries by internet users. Yahoo and Microsoft (now using the domain name Bing.com) have the second and third position in search queries. The discussion below describes the Google advertising process. The Yahoo and Microsoft processes are similar.

5.

In addition to retrieving "hits" based on search terms, Google also features "sponsored links" on search results pages. These "sponsored links" are links that are paid for by users through Google's AdWords advertising program. AdWords allows users to create their own advertisements which will be displayed as "sponsored links" on Google's search results web pages and on other websites that are part of Google's advertising network. Both the content of the AdWords advertisement and the search terms, known as "keywords", which trigger the appearance of the advertisement on the Google search results page and other websites are controlled by the AdWords advertiser.

6.

Each advertisement consists of five parts, all of which are created by the AdWords advertiser: (i) a headline of 25 or fewer characters; (ii) a first descriptive lines of 35 or

Page 3 – COMPLAINT

fewer characters; (iii) a second descriptive lines of 35 or fewer characters; (iv) a display

URL of 35 or fewer charaters; and (iv) a destination URL, which is linked to both the

display URL and to the advertisement's headline. These user-supplied components are

then incorporated to generate a text advertisement generally of the following form:

> EXAMPLE HEADLINE
>
> Example description line I
>
> Example description line 2
>
> www.??.com

7.

After creating an advertisement, the AdWords user sets up a list of keywords (words or

phrases) to be associated with the given advertisement or ad group. Google uses the

keywords to determine when the advertisement may appear on Google search results

pages, and website pages of a Google search partner or member of the Google content

network.

8.

"Sponsored" AdWords advertisements appear, among other places, on Google search

results pages, either alongside or above the search results, on Gmail webpages, and on

the pages of websites that are members of the Google Network.

9.

Whether an advertisement shows up on a page, and where that advertisement is

positioned in relation to the other advertisements, is determined in large part by the

keywords that the advertiser lists to associate with that advertisement.

10.

Defendants have and continue to use plaintiffs' trademarks, without authorization, in their internet advertising in an attempt to trade on the goodwill of the plaintiffs' Trademarks and trade name, trick customers into thinking that defendants' goods and services are associated with plaintiffs. Defendants' unauthorized use of the plaintiffs' trademarks and trade name also confuses potential customers searching for plaintiffs on the internet and misdirects them to Defendants' websites instead of the plaintiffs' websites.

11.

In particular, Defendants willfully and purposefully utilize plaintiffs' trademarks and trade name in their Google AdWords, Yahoo and Microsoft advertising in such a way as to create a likelihood of confusion among consumers that their goods and services are associated with plaintiffs or otherwise lure them to Defendants' websites.

12.

Defendants have used and continue to use plaintiffs' trademarks in their internet advertising in an effort to confuse the public.

13.

Defendants' websites contain no disclaimers that they are not affiliated or sponsored by plaintiffs. Defendants' use of the plaintiffs' trademarks and trade name in their internet advertising is an attempt to trade on the goodwill of plaintiffs' marks and confuse the consumer.

14.

Upon information and belief, Defendants are willfully and purposely using the plaintiffs' trademarks and trade name as a targeted keyword phrase in its internet advertising.

Page 5 – COMPLAINT

15.

Upon information and belief, the individual defendants participated in the infringement by the defendant corporation or other related or affiliated entities, and were the moving, active, and conscious force behind the infringement.

**First Claim for Relief**

FEDERAL UNFAIR COMPETITION

(15 U.S.C. § 1125(a))

16.

Defendants have used, and continue to use, without authorization, the plaintiffs' trademarks and trade dress, or confusingly similar names, marks and trade dress or variations thereof, in interstate commerce falsely to represent, describe and designate the origin of and other facts related to goods and services in a manner that is likely to cause confusion, to cause initial interest confusion, to cause mistake, and/or to deceive as to the affiliation, connection and association of the plaintiffs' trademarks and trade dress and the origin, endorsement, sponsorship, or approval of those goods in violation of § 43(a) of the Lanham Act, 15 U.S.C. 1125. Defendants' unauthorized use of the plaintiffs' trademarks and trade dress , or confusingly similar names or variations thereof, are also likely to cause consumer confusion or mistake with respect to sponsorship or endorsement of Defendants' websites and the goods and services offered on such websites, and to divert consumers away from plaintiffs' website in violation of the Lanham Act.

Page 6 – COMPLAINT

17.

As a result of Defendants' wrongful and unfair acts, Defendants have been unjustly enriched and it is inequitable to allow Defendants to retain this benefit under the circumstances.

18.

Plaintiffs have suffered damages as a direct and proximate result of Defendants' use of such false descriptions or representations, including confusion and deception of the trade and purchasing public, incalculable injury to its goodwill and business reputation, and the expenditure of attorneys' fees, for which plaintiffs have no adequate remedy at law. Plaintiffs will continue to suffer irreparable injury unless Defendants' acts of infringement are enjoined by this Court.

19.

Defendants' acts of infringement, described above, were willful such as to justify the award of treble damages and attorney fees to Plaintiffs.

**Second Claim for Relief**

CALIFORNIA UNFAIR COMPETITION

(Cal. Bus. & Prof. Code § 17200 et seq.)

20.

Defendants' acts of using trademarks and trade dress that is substantially and confusingly similar to plaintiffs' trademarks and trade dress constitutes unlawful, unfair, and fraudulent business practices in violation of California Business &

Page 7 – COMPLAINT

Professions Code § 17200. Defendants' wrongful actions are unlawful because, among

other things, they violate the Lanham Act and constitute trademark and trade dress

infringement. Defendants' wrongful actions are also unfair and fraudulent, enabling

Defendants to sell more products and services than they otherwise would but for their

falsely imposed connection with Plaintiffs. Defendants' conduct is likely to and has

deceived and confuse the consuming public, including confusing the public as to

whether Defendants' websites, products and services originate from or are sponsored or

approved by Plaintiffs or otherwise affiliated with, connected to, or associated with

Plaintiffs and diverting consumers away from Plaintiffs' website to Defendants'

websites.

21.

As a result of Defendants' wrongful acts, as alleged herein, Defendants have been

unjustly enriched and it is inequitable to allow Defendants to retain this benefit under

the circumstances.

22.

Plaintiffs have suffered irreparable harm as a result of Defendants' conduct, and will

continue to suffer irreparable harm that cannot be adequately remedied at law unless

Defendants and all persons acting in concert with them are enjoined from engaging in

any further acts of unfair competition. The consuming public also has and will continue

to suffer injury as a result of being misled and confused by Defendants' unfair practices.

This harm to Plaintiffs and the public has resulted in unjust enrichment to Defendants.

Upon information and belief, Plaintiffs alleges that Defendants will continue to use

unfair business practices if not otherwise enjoined.

Page 8 – COMPLAINT

**Third Claim for Relief**

UNJUST ENRICHMENT

23.

Defendants have used and continue to use Plaintiffs' Trademarks and trade dress without authorization in connection with the advertisement, sale and offering for sale of their competitive goods and services.

24.

Defendants' wrongful and unauthorized use of the Plaintiffs Trademarks and trade dress is likely to cause confusion as to the source or sponsorship of Defendants' goods and services and further is likely to cause the consumer confusion when searching for Plaintiffs on the internet and to divert the consumers to Defendants' websites and services rather than those of Plaintiffs.

25.

As a result of their wrongful acts, as alleged herein, Defendants have been unjustly enriched and it is inequitable to allow Defendants to retain this benefit under the circumstances.

**Prayer for Relief**

Wherefore plaintiffs pray to the Court that it grant the following relief:

1.      That this Court permanently enjoin Defendants, and their members, officers, directors, employees, agents, servants, and all persons, firms, corporations, franchisees

Page 9 – COMPLAINT

and associates in concert or participation with Defendants from doing any of the following:

  a.    conducting or doing business, in any capacity, using plaintiffs' trade dress or trademarks, or any confusingly similar marks, trade dress, designations or variations thereof;

  b.    using the plaintiffs' Trademarks or trade dress, or any confusingly similar marks, trade dress, derivative or form thereof, in connection with the advertisement, sale or offering for sale of goods and services, including the use in any internet advertising programs (including as text, headlines or keywords), promotional materials, and web sites ;

  c.    falsely or inaccurately describing or designating the origin of or other facts related to any goods or services in any manner that is likely to cause confusion, mistake or deception as to the affiliation, connection and association of Defendants with Plaintiffs;

  d.    engaging in any conduct violative of 15 U.S.C. § 1125(a);

  e.    engaging in any conduct violative of Cal. Bus. & Prof Code § 17200

2.    That this Court require Defendants to pay plaintiffs damages in a sum to be proven at trial, but in any event no less than $250,000, and including Defendants' profits and the actual damages suffered by plaintiffs as a result of Defendants' acts;

3.    That Defendants pay treble damages because of the willful acts described in this Complaint, all of which were in disregard of Plaintiffs' rights;

4.    For restitution and disgorgement of all profits and other benefits unjustly obtained by Defendants as a result of their wrongful actions;

5.    That this Court award Plaintiffs their reasonable attorneys' fees; and

Page 10 – COMPLAINT

6.     That this Court grant such other and further relief as is just.

Signed August 7, 2009.

*s/ E. J. Simmons*

_____
E. J. Simmons, OSB 75341
(503) 221-2000
Bradley Ganz, OSB 94076
(503) 844-9009
Attorneys for Plaintiffs Grasshopper House LLC
and Passages Silver Strand LLC

Plaintiffs demand a jury trial for their claims against defendants.

Signed August 7, 2009.

*s/ E. J. Simmons*

_____
E. J. Simmons, OSB 75341
(503) 221-2000
Bradley Ganz, OSB 94076
(503) 844-9009
Attorneys for Plaintiffs Grasshopper House LLC
and Passages Silver Strand LLC

Page 11 – COMPLAINT